# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| AARON A. WILLIAMS, JR., | No. 3:18-CV-01150 |
| Plaintiff. | (Judge Brann) |
| v. | (Magistrate Judge Arbuckle) |
| PA DEPT OF CORRECTIONS, et al, | |
| Defendants. | |

## MEMORANDUM OPINION

**MARCH 29, 2019**

## I. BACKGROUND

Aaron A. Williams, Jr., filed this civil rights action in state court, which was later removed to federal court by Defendants, alleging that numerous defendants violated his rights and were negligent in the treatment of his genital herpes.[1] Williams raises three claims in his complaint: (1) medical negligence under a third-party beneficiary theory; (2) Eighth Amendment deliberate indifference; and (3) cruel and unusual punishment in violation of the Pennsylvania constitution.[2]

Williams alleges that, between May 2015 and August 2016, he was evaluated for symptoms related to his genital herpes by numerous medical professionals—including Mandy Tipton, Dr. Frommer, Mary Ellen Tormey, Katie Holmes, Cynthia

---

[1] Doc. 1-2.

[2] *Id.* at 5-9.

Keith, Angela Auman, and Megan Pfeil—and each refused to provide treatment for those symptoms.[3] Some of those individuals allegedly informed Williams that the prison had an informal practice of not treating genital herpes symptoms because the virus itself is incurable.[4] Eventually, on October 17, 2016, Williams was prescribed Alcyclovir to treat his symptoms.[5] However, that medication caused several side effects of which Williams complained; nevertheless, P.A.C. Harris refused to prescribe a different medication because "Alcyclovir [was] the only available medication."[6]

In August 2018, Defendants Correct Care Solutions ("CCS"), Frommer, Keith, Auman, Pfeil, Tipton, Tormey, and Harris (collectively "Moving Defendants") filed a motion to dismiss or, in the alternative, for summary judgment,[7] to which Williams obtained four extensions of time to file a response.[8] Ultimately, no response was received, and Magistrate Judge William I. Arbuckle issued a Report and Recommendation recommending that this Court grant the motion to dismiss on the grounds that Williams (1) failed to prosecute the matter and (2) failed to state a claim against Moving Defendants.[9] Williams filed objections to the

---

[3] *Id.* at 3-4.
[4] *Id.*
[5] *Id.* at 4.
[6] *Id.*
[7] Docs. 18, 19.
[8] Docs. 22, 24, 26, 28.
[9] Doc. 29.

recommendation, asserting that he timely deposited his response in the prison mail system and thus did not fail to prosecute the matter.[10]

## II. DISCUSSION

Where no objection is made to a report and recommendation, this Court will review the recommendation only for clear error.[11] Conversely, "[i]f a party objects timely to a magistrate judge's report and recommendation, the district court must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'"[12] Regardless of whether timely objections are made, district courts may accept, reject, or modify—in whole or in part—the magistrate judge's findings or recommendations.[13]

Because Williams objected to the recommendation that his complaint be dismissed for failure to prosecute, that portion of the recommendation is subject to de novo review.[14] Williams did not, however, object to the recommendation that his

---

[10] Doc. 30.

[11] Fed. R. Civ. P. 72(b), advisory committee notes; *see Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (explaining that court should in some manner review recommendations regardless of whether objections were filed).

[12] *Equal Emp't Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)).

[13] 28 U.S.C. § 636(b)(1); Local Rule 72.31.

[14] *City of Long Branch*, 866 F.3d at 99.

3

claims are without merit, and that recommendation is therefore reviewed only for clear error.[15]

In his objections, Williams asserts that he deposited his response to the motion to dismiss in the prison mail system on December 17, 2018,[16] one day prior to the deadline set by Magistrate Judge Arbuckle.[17] Attached to Williams' objections is a cash slip, dated December 17, 2018, paying for postage to mail a document to the district court under the account of inmate Frederick Ray.[18] Williams also attached a declaration from Ray stating that he deposited Williams' document into the prison mail system on December 17, 2018.[19] In light of these documents, and in deference to Williams' status as a pro se litigant, the Court concludes that dismissal based on failure to prosecute is not warranted.

Turning to the merits of the motion to dismiss,[20] the Court finds no error—clear or otherwise—in Magistrate Judge Arbuckle's determination that Williams

---

[15] *See Snyder v. Bender*, 548 F. App'x 767, 771 (3d Cir. 2013) (noting that district courts need not conduct de novo review of portions of recommendation to which no party files specific objections).

[16] Pursuant to the mailbox rule, prisoner documents are deemed filed when deposited in prison mail system. *Houston v. Lack*, 487 U.S. 266, 270-71 (1988).

[17] Doc. 30-1 at 1.

[18] *Id.* at 4.

[19] *Id.* at 5.

[20] This Court, like Magistrate Judge Arbuckle, treats the motion as a motion to dismiss, not a motion for summary judgment. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

fails to state a claim for either medical negligence or a violation of his rights under the Pennsylvania constitution. Moreover, because those claims fail as a matter of law, dismissal with prejudice is appropriate. Whether Williams adequately states a claim for a violation of his Eighth Amendment rights presents a closer question.

"The Eighth Amendment, through its prohibition on cruel and unusual punishment, prohibits the imposition of 'unnecessary and wanton infliction of pain contrary to contemporary standards of decency.'"[21] "Accordingly . . . prison officials violate the Eighth Amendment when they act deliberately indifferent to a prisoner's serious medical needs by 'intentionally denying or delaying access to medical care or interfering with the treatment once prescribed.'"[22] "In order to sustain this constitutional claim under 42 U.S.C. § 1983, a plaintiff must make (1) a subjective showing that the defendants were deliberately indifferent to his or her medical needs and (2) an objective showing that those needs were serious."[23]

Under that standard, Williams' allegations are sufficient to state an Eighth Amendment claim with regard to Moving Defendants' initial refusal to provide any treatment for Williams' herpes symptoms. First, Moving Defendants do not contend that untreated genital herpes does not qualify as a serious medical need,[24] and

---

[21] *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Helling v. McKinney*, 509 U.S. 25, 32 (1993)).

[22] *Id*. (quoting *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976)).

[23] *Id.* (footnote, brackets, and internal quotation marks omitted).

[24] S*ee* Doc. 19 at 9-13.

5

Williams alleges that his untreated herpes caused sores, scabbing, and "perpetual pain" that at least one medical professional deemed significant enough to require treatment.[25] These allegations are sufficient to establish that Williams' medical needs were serious.[26]

Second, Williams sufficiently alleged that Moving Defendants were deliberately indifferent to that serious medical need. To demonstrate deliberate indifference in the denial or delay of medical treatment, a plaintiff must allege facts "sufficient to permit a reasonable jury to find that the delay or denial was motivated by non-medical factors."[27] Williams alleges that he was examined by numerous medical professionals over the course of fifteen months, and each medical professional recognized the presence of genital herpes but refused to provide treatment for its symptoms.[28] Williams further alleges that four of those medical professionals—Holmes, Keith, Frommer, and Auman—denied treatment because they believed that the correctional institution in which Williams was housed had an

---

[25] Doc. 1-2 at 1; *see id.* at 3-4, 8.

[26] *See Atkinson v. Taylor*, 316 F.3d 257, 266 (3d Cir. 2003) (noting that "if unnecessary and wanton infliction of pain[] results as a consequence of denial or delay in the provision of adequate medical care, the medical need is of the serious nature contemplated by the Eighth Amendment" (ellipsis and internal quotation marks omitted)); *Myrick v. Anglin*, 496 F. App'x 670, 674 (7th Cir. 2012) (allegations that "untreated herpes and hernia were painful and had been recognized by medical staff as requiring treatment" sufficient to support Eighth Amendment claim).

[27] *Pearson*, 850 F.3d at 537.

[28] Doc. 1-2 at 3-4.

"informal policy" of not treating genital herpes symptoms.[29] The allegation that Williams was refused treatment due solely to a non-medically based policy is sufficient to survive a motion to dismiss.[30] Consequently, although close, Williams has adequately stated an Eighth Amendment claim against Tipton, Frommer, Tormey, Keith, Auman, and Pfeil for the denial of medical care prior to October 17, 2016.

Williams' allegations are not, however, sufficient to state a claim against CCS.[31] Williams' claim against CCS is grounded solely on its role as the individual defendants' employer.[32] However, "under § 1983, [state actors] are responsible only for their *own* illegal acts . . . [t]hey are not vicariously liable under § 1983 for their employees' actions."[33] Thus, "[p]laintiffs who seek to impose liability on . . . government[ institutions or entities] under § 1983 must prove that action pursuant to official . . . policy caused their injury."[34] Official policies include decisions or acts

---

[29] *Id.* at 3.

[30] *Cf. Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583 (3d Cir. 2003) (evidence that plaintiff was denied medical treatment because "there was no practice in place to accommodate inmates with more immediate medication needs" sufficient to avoid summary judgment).

[31] Moving Defendants do not assert that CCS, although a private entity, is not a state actor, and the Court assumes for the purposes of this memorandum that CCS may be held liable as a state actor under § 1983. *See Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009) (setting forth circumstances under which private entity is deemed state actor for § 1983 liability purposes).

[32] *See* Doc. 1-2 at 3-4, 8-9.

[33] *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (internal citations and quotation marks omitted).

[34] *Id.*

of policymakers or "practices so persistent and widespread as to practically have the force of law."[35]

Williams does not allege that he was denied treatment for his genital herpes based on the acts or decisions of any CCS policymaker. Furthermore, although Williams makes reference to the statements of some medical professionals that it was the informal practice of the prison to not treat herpes symptoms,[36] Williams makes no allegation that such a policy, if it indeed existed, was "so persistent and widespread as to practically have the force of law."[37] To the contrary, Williams acknowledges that one medical professional stated that "it has always been [CCS'] policy to provide treatment for the symptoms of herpes."[38] This assertion undermines any suggestion that there was a persistent and widespread practice of not treating herpes symptoms, and undercuts any Eighth Amendment claim against CCS. However, because it is not clear that amendment of this claim would be futile, dismissal is without prejudice.[39]

Finally, Williams fails to state an Eighth Amendment claim against Moving Defendants for the treatment that Williams received on and after October 17, 2016. Williams acknowledges that, on October 17, 2016, he was prescribed Alcyclovir to

---

[35] *Id.* at 61.

[36] Doc. 1-2 at 3.

[37] *Connick*, 563 U.S. at 61.

[38] Doc. 1-2 at 4.

[39] *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

treat his genital herpes symptoms.[40] Williams alleges he experienced certain side effects from the medication, but Harris refused to switch Williams' medications because Alcyclovir was "the only available medication."[41] Because Williams received treatment, this Court must "presume that the treatment [Williams received] is proper absent evidence that it violates professional standards of care."[42]

Although Williams alleges that there are other available treatments for herpes symptoms, he does not allege that those treatments were available at the prison, nor does he allege that Harris refused to provide other medications for a non-medical reason or that she failed to exercise her professional medical judgment in refusing to provide such medication.[43] In the absence of allegations or evidence demonstrating that Harris failed to exercise her sound medical judgment, Williams asserts, at most, a "mere disagreement as to the proper medical treatment," which is insufficient to state a claim under the Eighth Amendment.[44] In short, Williams' allegations fail to overcome the presumption of reasonableness that is afforded to

---

[40] Doc. 1-2 at 4. To the extent that Williams attempts to bring a claim against Frommer for purportedly refusing to treat Williams' herpes symptoms on November 21, 2016, any such claim fails because Williams was already receiving treatment for those symptoms. (Doc. 1-2 at 4).

[41] Doc. 1-2 at 4.

[42] *Pearson*, 850 F.3d at 535.

[43] *See* Doc. 1-2 at 4.

[44] *Pearson*, 850 F.3d at 535.

Harris' actions. Again, however, because it is not clear that amendment would be futile, this claim is dismissed without prejudice.

As a final matter, the Court notes that Moving Defendants also seek dismissal of some Defendants based on Williams' failure to exhaust his administrative remedies and based on the applicable statute of limitations.[45] To support these arguments, Moving Defendants rely on their records of Williams' grievances.[46] Although the Court may consider "indisputably authentic documents related to [an] inmate's grievances" when deciding a motion to dismiss,[47] the Court does not possess Williams' response to Moving Defendants' motion to dismiss. Without that document, it is not possible to conclude that the grievance records Moving Defendants attached to their motion to dismiss are complete[48] and indisputably authentic.[49] Consequently, the Court declines to consider those issues at this time. However, Moving Defendants may file a later motion asserting either defense.

---

[45] Doc. 19 at 13-26.

[46] Doc. 19-1.

[47] *Rinaldi v. United States*, 904 F.3d 257, 261 n.1 (3d Cir. 2018).

[48] The grievances that Williams filed—or failed to file—are necessary to determine not only whether Williams exhausted his administrative remedies, but also whether his claims are barred by the applicable statute of limitations. *See Pearson v. Sec'y Dep't of Corr.*, 775 F.3d 598, 603 (3d Cir. 2015) (holding that administrative exhaustion requirement "is a statutory prohibition that tolls Pennsylvania's statute of limitations while a prisoner exhausts administrative remedies.").

[49] *Paladino v. Newsome*, 885 F.3d 203, 210 (3d Cir. 2018).

## III. CONCLUSION

For the foregoing reasons, Magistrate Judge Arbuckle's Report and Recommendation is adopted in part and rejcted in part. Williams' claims alleging medical negligence and violations of the Pennsylvania constitution are dismissed with prejudice, while his Eighth Amendment claim against CCS and against Moving Defendants for any treatment occurring on or after October 17, 2016, is dismissed without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge